**E-FILED on** 9/30/2013

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCISCO J. MEDINA,<br><br>    Plaintiff,<br><br>    v.<br><br>DR. CLAIRE WILLIAMS, et al.,<br><br>    Defendants. | No. C-10-03610 RMW<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR SUMMARY JUDGMENT<br>AS TO MICHAEL SAYRE**<br><br>[Re Docket Nos. 22, 113] |

Plaintiff, Francisco J. Medina, an inmate formerly incarcerated at Pelican Bay State Prison, brings claims against defendants pursuant to 42 U.S.C. § 1983 for withholding appropriate medical treatment for a serious medical need, thereby violating his Eighth Amendment rights. The issue now before the court is whether a triable issue exists as to whether Dr. Michael Sayre, Chief Medical Officer at Pelican Bay, acted with deliberate indifference with respect to Medina's medical need. For the reasons set forth below, the court finds that the evidence fails to raise a triable issue of fact. Accordingly, the court GRANTS Dr. Sayre's motion for summary judgment.

## I. BACKGROUND

Medina brings claims for deliberate indifference to his medical needs against various prison officials including Dr. Williams, his primary doctor at Pelican Bay, and Dr. Sayre, Pelican Bay's

Chief Medical Officer. On March 30, 2012, the court granted in part and denied in part defendants' motion for summary judgment. Order re Summary Judgment 22, Dkt. No. 79. In that order, the court granted summary judgment for defendants as to the denial of a medical hold and discontinuation of prior medical chronos. *Id.* But the court denied summary judgment for Dr. Williams with respect to his refusal to order a CT scan discogram, administer an epidural injection, make a referral to an orthopedic surgical spine doctor on behalf of Medina, and discontinuation and delay of pain medication. *Id.* The court dismissed the other defendants, but neither expressly granted nor expressly denied summary judgment for Dr. Sayre as to the CT scan discogram, epidural injection, referral, and pain medication. *Id.*

At the January 25, 2013 case management conference, the court ordered the parties to submit additional briefing as to whether Defendant Sayre is entitled to summary judgment with respect to his role in the treatment decisions for which summary judgment was not granted. Minutes, Dkt. No. 106. The parties have filed their briefs and the issue is now ripe. Because the background of this case is extensively detailed in its prior summary judgment order, the court will only describe the facts related to Dr. Sayre's involvement.

Dr. Sayre had limited direct involvement with Medina and his treatment as he was not Medina's treating physician. As the Chief Medical Officer at Pelican Bay, Dr. Sayre's duties included reviewing healthcare appeals and the prison's most complex medical cases including chronic pain and special disability accommodation cases. Sayre Decl. ¶¶ 1, 2, Dkt. No. 117. Dr. Sayre is not involved in the day-to-day treatment decisions of the primary care physicians working under him. *Id.* at ¶ 3. Even in reviewing the appeals, Dr. Sayre has a limited role. *Id.* at ¶ 2. Pelican Bay's appeals office conducts a preliminary review of an inmate appeal, discusses the issues raised with the inmate's medical provider, reviews the inmate's record, and makes a decision as to how the medical appeal should be handled. *Id.* After the appeals office made an initial decision, it brought its decision to Dr. Sayre for approval. *Id.* In determining whether to approve an appeal, Dr. Sayre reviews and evaluates the medical file as it related to the treatment at issue to determine whether the physician's decisions fell within "the range of reasonable treatment options." *Id.*

Medina filed three healthcare appeals challenging Dr. Williams' decisions about his medical care. Medina Decl. at ¶ 6, Dkt. No. 124. Medina filed his first appeal on August 5, 2009, in which he requested that: prior hospital orders be followed; the Tramadol, Neurontin and Tylenol #3 that he had been taking for years be issued permanently; and he receive proper medical care for his lower back pain and partial mobility impairment. Medina Decl. at ¶ 8 & Ex. B, Dkt. No. 124. On August 28, 2009, Dr. Sayre partially granted and partially denied that appeal at the first level of review. *Id*. In response to Medina's request "that prior hospital orders be followed," Dr. Sayre partially granted the request by permitting his continued treatment by Dr. Williams, his primary care physician. *Id*. However, Dr. Sayre only partially granted Medina's request that he be permanently prescribed the Tramadol, Neurontin, and Tylenol #3 that he had been taking for years. *Id.* Dr. Sayre denied Medina Tramadol and Neurontin, as they were not "medically indicated" at the time that he made the request. *Id.* On November 5, 2009, that same healthcare appeal was denied after a second, Director's Level Review ("DLR"). *Id*. at ¶ 7. The DLR denial indicated that Dr. Williams and Dr. Sayre had both "thoroughly reviewed" Medina's case. *Id.* The appeal also indicated that Dr. Sayre had signed forms indicating that neither the previously-prescribed medication, medical specialists, nor an epidural injection were "medically necessary" at the time of Medina's appeal.[1] *Id.* at ¶ 9 & Ex. C.

On September 23, 2010, Medina filed a second health care appeal, requesting: (1) to be seen by an orthopedic back specialist for possible surgery; (2) to be seen by a pain specialist; (3) to receive a CT scan; (4) to receive Tramadol, Neurontin, and Tylenol #3 with codeine; and (5) to be placed in an ADA disability program. *Id*. On October 11, 2010, Dr. Williams reviewed "previous x-rays of [Medina's] back and MRI," and "thoroughly examined" Medina. *Id.* Dr. Williams "found no mobility issues" and determined that it was unnecessary for Medina to see a pain specialist or to place him in disability program. *Id.* Medina's second appeal was denied in its entirety on Dr. Sayre's behalf on October 13, 2010. *Id*. at ¶ 10 & Ex. D.

---

[1] The denial defined "Medically Necessary" as "health care services . . . that are determined by the attending physician to be reasonable and necessary to . . . alleviate severe pain."

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO MICHAEL SAYRE—No. C-10-03610 RMW
JR/SW                                   3

On January 2, 2011, after Medina had been taken to the UTA after suffering from a "man down" incident, Medina filed a third health care appeal on January 4, 2011. *Id*. at ¶ 11, 15. On March 25, 2011, Medina was transported to the UTA because of exacerbation of his back pain and was kept under medical surveillance for three days. *Id*. at ¶ 16 & Ex. I. On May 4, 2011, Dr. Sayre approved additional medical chronos for Medina, including disabled placement and a bottom bunk. *Id*. at ¶ 17. On May 17, 2011, four months after he made the request, Medina's third appeal was granted in part and denied in part by Dr. Sayre. *Id*. at ¶ 17 & Ex. E. On June 24, 2011, Dr. Sayre also approved a wooden cane. *Id*. at ¶ 17 & Ex. K.

Medina declares that Dr. Sayre knew of his ongoing medical problems during his incarceration at Pelican Bay, and that Dr. Sayre had a role in his day-to-day medical treatment. *Id.* at ¶ 12, 14. However, Medina does not claim that Dr. Sayre ever personally examined him. *Id.* Medina's allegations that Dr. Sayre was personally involved are related solely to Medina's understanding of how medical care at Pelican Bay operates and Dr. Sayre's signature appearing on documents related to Medina's appeals and approvals for medical accommodations. *Id.*

## II. ANALYSIS

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

Medina alleges that Dr. Sayre, in his capacity as a supervising prison medical official, violated Medina's Eighth Amendment rights because he was deliberately indifferent to Medina's serious chronic pain by knowingly authorizing and participating in Dr. Williams' inadequate course of treatment. Defendants counter by arguing that Dr. Sayre was not sufficiently involved or aware of Medina's treatment to be deliberately indifferent and that he was protected by qualified immunity. Because the court finds that Dr. Sayre was not deliberately indifferent, it does not consider qualified immunity.

**A.      Eighth Amendment Violation**

Deliberate indifference to a "serious medical need" violates the Eighth Amendment's prohibition against cruel and unusual punishment and is actionable under § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish an Eighth Amendment violation based on deliberate indifference, a plaintiff must satisfy a two-part test. First, he must satisfy an objective standard, showing that the untreated serious medical need that he suffered "was serious enough to constitute cruel and unusual punishment." *Snow v. McDaniel*, 681 F.3d 978, 986 (9th Cir. 2012). Second, the plaintiff must satisfy a subjective standard by showing that a defendant acted with a sufficiently culpable state of mind that amounts to "deliberate indifference." *Id*.

      **1.      Serious medical need**

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing *Estelle*, 429 U.S. at 104), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A medical condition that significantly affects an individual's daily activities or the existence of chronic and substantial pain is a serious medical need. *Id*. at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)). Here, Medina has produced enough evidence to establish an issue of fact as to his serious medical need and the defendants do not dispute it. Defs.' Supp'l Br. at 3 n.1.

      **2.      Deliberate indifference**

Dr. Sayre argues that he was not sufficiently involved in Medina's treatment decisions to be deliberately indifferent. A prison official is deliberately indifferent if he (1) knows that a prisoner faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference is a high standard that is not met by a showing of "medical malpractice, negligence, or even gross negligence." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

A prison official is only liable if he is aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and he also draws the inference. *Farmer*, 511 U.S. at 837. "The state of mind for deliberate indifference is subjective recklessness." *Snow*, 681 F.3d at

985. The Ninth Circuit has reversed summary judgment for the defendant where there was clear evidence that medical personal should have been aware of the medical problem. *See Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (reversing because the prison nurses and doctor knew about the inmate's head injury, disregarded evidence of complications, and prescribed sedatives that were inappropriate under the circumstances). However, at least one court has found that merely responding to an inmate appeal is insufficient to establish that "the defendant knowingly disregarded an excessive risk to plaintiff's health." *Dancy v. Scribner*, No. 07-CV-00716-OWW-SMS PC, 2007 WL 2688498 (E.D. Cal. Sept. 10, 2007).

Medina, as the non-moving party, is entitled to the presumption that Dr. Sayre was aware of the contents of Medina's medical file. *See Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006). Medina's file included multiple sick call slips, indicating complaints of ongoing, debilitating back pain, and that Dr. Williams' prescribed medications and his course of treatment–including his refusal to refer Medina to specialists, provide an epidural injection, and perform a CT scan–were ineffective.

However, a doctor's awareness that a prisoner thinks his medical treatment is inadequate is not enough to establish that the doctor had knowledge of a substantial risk of harm. The "prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996)) (alternation in original). Here, there is no objective evidence that Dr. Sayre knew or even should have known that Medina's treatment was medically unacceptable. There is only evidence of a difference in medical opinion between the patient and his treating physician. Even difference of medical opinion between medical professionals is inadequate to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

A physician cannot be deliberately indifferent for failing to disagree with a treating physician based solely on reviewing a prisoner's appeal and the medical file absent evidence supporting the prisoner's complaint that his treatment was medically unacceptable. Such evidence could include first hand examinations by the reviewing physician, other objective findings, or a clear medical

record. Here, it is undisputed that Dr. Sayre did not examine Medina. There have been no objective findings that Medina's treatment was medically inadequate. And there is no evidence that the medical records that Dr. Sayre examined show inadequate medical treatment. To the contrary, Dr. Sayre has re-reviewed the relevant documents and believe they show that Medina received proper treatment. Sayre Decl. at ¶ 6.

Accordingly the court finds that no reasonable jury could find that Dr. Sayre was deliberately indifferent.

### 3. No Supervisor Liability

Under no circumstances is there respondeat superior liability under section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id*. A supervisor may be liable for "their acquiescence in the constitutional deprivation of which a complaint is made." *Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)). But liability for acquiescence still requires establishing the requisite state of mind, which the court has already found was lacking.

### III. ORDER

For the foregoing reasons, the court GRANTS defendants' motion for summary judgment as to Dr. Sayre.

DATED: September 30, 2013

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge